**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CR No. 06-028T** |
| **GERMAINE EDELEN** | : | |

**GOVERNMENT'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO "DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) AND U.S.S.G. §§ 1.B1.10, 2D1.1"**

On January 4, 2008, the defendant filed a motion to reduce his 126 month sentence, imposed on December 15, 2006, based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses. On January 9, 2008, pursuant to Local Rule 47, the government moved this Court for a short enlargement of the time within which it must respond to the motion, from January 14, 2008 to January 31, 2008. The government now moves for a short period of additional time, until February 15, 2008, to file its response. As grounds for this motion, the government states that such additional time is necessary to incorporate guidance from the United States Department of Justice, the United States Attorney's Office for the District of Rhode Island into its response. Incorporation of such guidance is necessary to ensure that the government presents a consistent

response to motions such as that filed by the defendant, several of which have already been filed with this Court.

Granting of the government's motion would not prejudice the defendant. First, the defendant has an appeal pending before the First Circuit, challenging the very sentence he seeks to reduce in his motion. That pending appeal divests this Court of jurisdiction to hear the defendant's motion, and thus his motion is premature. United States v. Distasio, 820 F.2d 20, 23 (1st Cir. 1987)("A docketed notice of appeal suspends the sentencing court's power to modify a defendant's sentence"). Second, the defendant's motion is premature for another reason -- the Sentencing Commission's December 11, 2007 decision to make the reduced crack cocaine guidelines retroactive does not go into effect on March 3, 2008. Third, granting of the government's motion will not affect the defendant's release date. The defendant is serving a 126 month sentence, imposed just over a year ago. Even assuming that he is entitled to a reduction in sentence, any such reduction could not be of such an extent that the defendant would be released prior to February 15, 2008, the date the government is seeking as the revised deadline for it to file its response. Accordingly, the

government respectfully requests that its motion for enlargement of time be granted.

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Peter F. Neronha

PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza - 8th Fl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov

Dated: January 29, 2008

Certificate of Service

I hereby certify that on the 29th day of January, 2008, I caused a copy of the within "Government's Motion For Enlargement of Time To Respond To 'Defendant's Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2) and U.S.S.G. §§ 1.B1.10, 2D1.1'" to be served by way of the Electronic Case Filing System upon Edward C. Roy, counsel for the defendant.

/s/ Peter F. Neronha

PETER F. NERONHA
Assistant U.S. Attorney
RI Bar No. 5327
U.S. Attorney's Office
50 Kennedy Plaza - 8thFl.
Providence, RI 02903
Tele: (401) 709-5000
FAX: (401) 709-5001
peter.neronha@usdoj.gov